IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY HARRIS,

    Petitioner,

v.                                                       CASE NO. 4:17-cv-17-RH-GRJ

WILLIAM STAFFORD, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 1, "Petition for a Tort Claim Writ of Habeas Corpus Complaint," and ECF No. 2, Petitioner's motion for leave to proceed as a pauper. For the reasons discussed below, the undersigned recommends that Petitioner's Petition for a Tort Claim Writ of Habeas Corpus Complaint, ECF No. 1, should be dismissed.

Petitioner's filing against Senior District Judge William Stafford, Magistrate Judge Charles Stampelos, and Magistrate Judge Elizabeth Timothy is deficient for multiple reasons. To start, Plaintiff failed to use the proper court-approved forms and to provide service copies. On the one hand, Petitioner seeks monetary damages and injunctive relief for alleged

constitutional violations, which Petitioner should seek through filing a civil rights complaint. On the other hand, Petitioner seeks release from prison for an unlawful confinement, which he should seek in the form of a petition for writ of habeas corpus. Normally, these should be filed on separate forms as separate cases: his demand for damages and injunctive relief on the proper court-approved civil rights complaint form to be used by *pro se* prisoner litigants and his demand for release on the court-approved § 2254 form for prisoners in custody pursuant to a state court judgment.[1]

Additionally, Petitioner's motion to proceed as a pauper, ECF No. 2, is not filed on the proper court-approved form and does not contain the prisoner consent form and financial certificate. Although the Court normally defers consideration of a filing until these deficiencies are cured, the Court finds no reason to do so here because Petitioner's claims are barred by absolute judicial immunity.

## **DISCUSSION**

Liberally construed, Petitioner's claims relate to rulings by Senior

---

[1] Although Petitioner asserts that his petition is pursuant to § 2241 rather than § 2254, Petitioner is challenging a state court judgement from the Eleventh Judicial Circuit Court, Miami-Dade County, Florida, alleging actual innocence and seeking release from prison. According, § 2254 governs his petition.

District Judge William Stafford, Magistrate Judge Charles Stampelos, and Magistrate Judge Elizabeth Timothy in previous cases. Petitioner alleges that these judges violated his civil and constitutional rights. Specifically, Petitioner asserts that these judges violated his rights to relief and right to due process of law because they changed his petition from one under 28 U.S.C. § 2241 into a petition pursuant to § 2254, allegedly abusing their discretion.[2] Petitioner seeks injunctive relief, monetary damages, and a jury trial. (ECF No. 1.)

Even if the Court found that Petitioner's claims had any merit, which they do not, Petitioner's claims against these judges are barred by absolute judicial immunity.  A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge

---

[2] Petitioner previously filed a petition for writ of habeas corpus in case number in case number 4:16-cv-706-WS-CAS. Magistrate Judge Stampelos recommended transferring the case to the U.S. District Court for the Southern District of Florida, Miami Division, as that was the place of the challenged conviction. Magistrate Judge Stampelos also noted that Petitioner had filed at least two other habeas petitions on § 2241 forms, which were transferred to the Southern District of Florida. Further, he noted that Petitioner has also previously filed a civil rights complaint under 42 U.S.C. § 1983, which was dismissed because Petitioner was found to be a "three-striker" under 28 U.S.C. § 19115(g). Senior Judge Stafford adopted the recommendation and ordered the transfer of Petitioner's case.

In one such case where Petitioner filed a petition under § 2241, 4:16-cv-537-WS-EMT, Magistrate Judge Timothy recommended that the petition be construed as one pursuant to § 2254 rather than § 2241 and accordingly recommended transferring the action to the U.S. District Court for the Southern District of Florida.

acts in the "clear absence of all jurisdiction."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

The rulings challenged by Petitioner are rulings made by these judges, while acting in their judicial capacity. None of the allegations in Plaintiff's filing suggests that his claims fall within any exception to the doctrine of judicial immunity.  Accordingly, Petitioner's claims against these defendants are barred, and his filing is due to be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Petitioner's Petition for a Tort Claim Writ of Habeas Corpus Complaint, ECF No. 1, should be **DISMISSED** and the case closed.

**IN CHAMBERS**  this 12th day of January 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**